United States District Court
Southern District of Texas
FILED

JAN 1 8 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY, § | | |
| PLAINTIFF § | | |
| § | NO. | C 00 023 |
| VS. § | | |
| § | | |
| § | | |
| WAGNER'S CARNIVAL, § | | |
| ALBERT WAYNE WAGNER, § | | |
| DENISE HALEY WAGNER § | | |
| INDIVIDUALLY AND D/B/A WAGNER'S § | JURY TRIAL DEMANDED | |
| CARNIVAL AND JASON WAGNER, § | | |
| DEFENDANTS § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE COURT:

T.H.E. INSURANCE COMPANY ("T.H.E."), Plaintiff, files this complaint for original declaratory relief. In support of its Complaint, T.H.E. would show the Court as follows:

### PARTIES AND SERVICE

1. T.H.E. is an insurance company incorporated under the laws of the State of Louisiana with its headquarters and principal place of business in Florida.

2. Defendant, WAGNER'S CARNIVAL, is a business organized and authorized to do business in the State of Texas, and may be served by serving ALBERT WAYNE WAGNER as the owner and principal officer of WAGNER'S CARNIVAL at 1240 North McCampbell Road, Aransas Pass, Texas 78336. Service is requested on this Defendant at this time.

3.      Defendant, ALBERT WAYNE WAGNER, INDIVIDUALLY AND D/B/A WAGNER'S CARNIVAL, is a Texas resident and citizen of the State of Texas currently residing in Aransas County, Texas. Mr. Wagner may be served with citation at 1240 North McCampbell Road, Aransas Pass, Texas 78336. Service is requested on this Defendant at this time.

4.      Defendant, DENISE HALEY WAGNER, INDIVIDUALLY AND D/B/A WAGNER'S CARNIVAL, is a Texas resident and citizen of the State of Texas currently residing in Aransas County, Texas. Denise Haley Wagner may be served with citation at 1240 North McCampbell Road, Aransas Pass, Texas 78336. Service is requested on this Defendant at this time.

5.      Defendant, JASON WAGNER, is an individual who is a Texas resident and citizen of the State of Texas. Jason Wagner may be served by a sheriff at whatever location he can be found. The last known address for Jason Wagner is 1240 North McCampbell Road, Aransas Pass, Texas 78336. Service is requested on this Defendant at this time.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332 because complete diversity of citizenship exists between the Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of fees and costs. Venue is proper in this Court because the Defendants reside in Aransas County, Texas and Aransas County is in the Southern District of Texas, Corpus Christi Division.

## BACKGROUND

7.      On or about June 2, 1999, an employee of WAGNER'S CARNIVAL named Keith John Laurencias was in the process of unloading a plexiglass and metal ticket booth off of a truck believed

G:\07250\5148\Original.Complaint.12 15.99.wpd

to be owned by JASON WAGNER. While in the process of unloading the ticket booth, Laurencias allegedly sustained damage when the ticket booth fell on Laurencias.

8. As a consequence of the accident, Laurencias filed a lawsuit in the 258th Judicial District Court of Polk County, Texas under Cause No. 018079, *Keith John Laurencias vs. The Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner and Jason Wagner.* ("The Underlying Lawsuit").

9. In the Underlying Lawsuit, Laurencias claims that he has already incurred in excess of $80,000.00 in medical expenses. (*See* copy of Underlying Lawsuit, attached as Exhibit "A" to this Original Complaint). Laurencias further claimed that the Defendants were negligent and carelessly and wrecklessly disregarded duties owed to Laurencias. Specifically, Laurencias alleges in the Underlying Lawsuit that:

> Defendants violated V.T.C.A., Labor Code Section 411.103, requiring Defendant to provide Plaintiff a reasonably safe place of *employment* and to use such devises and safeguards which are reasonably necessary to protect the life, health and safety of the Plaintiff *and other employees*. (*See* Exhibit "A", emphasis added).

## INSURANCE POLICY

10. T.H.E. provided business coverage and commercial general liability insurance coverage to ALBERT WAGNER D/B/A WAGNER'S CARNIVAL. (*See* copy of insurance policy, attached as Exhibit "B" to this Original Complaint). The insurance policy issued by T.H.E. ("the Policy") provided certain coverages to Wagner's Carnival, subject to limitations and exclusions.

11. More specifically, under the commercial general liability coverage portion of the Policy, the insuring agreement states that:

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" *to which this insurance applies*....However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injuries" or "property damage" *to which this insurance does not apply. (See* copy of Policy, Exhibit "B") (emphasis added).

12.    The commercial general liability portion of the Policy also contains exclusions which apply to remove the claims made by Laurencias against WAGNER'S CARNIVAL and the other Defendants from coverage of the policy.

13.    Specifically, the Policy provides that:

    **2.**    **Exclusions**

    This insurance does not apply to:

    . . .

    d.    **Workers' Compensation and Similar Laws.**

    Any obligation of the insured under a workers compensation, disability benefits, or unemployment compensation law or any similar law.

    e.    **Employer's Liability**

    "Bodily injury" to:

    (1)    An "employee" of the insured arising out of and in the course of :

        (a)    Employment by the insured; or

        (b)    Performing duties related to the conduct of the insured's business; or

    (2)    The spouse, child, parent, brother, or sister of that "employee" as a consequence of paragraph (1) above.

    This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury. (*See* copy of Policy, attached as exhibit "B").

14. The Policy also provides coverage under the business auto coverage portion of the Policy, subject to certain definition, terms and exclusions. More specifically, the business auto coverage provided by the Policy states that:

### A. COVERAGE

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of an *covered auto*. . . . However, we have no duty to defend suits for bodily injury or property damage not covered by this Coverage Form. (*See* copy of insurance Policy, attached as exhibit "B") (emphasis added).

15. However, the coverage provided by the business auto coverage portion of the Policy is not unlimited. Specifically, the business auto portion of the policy contains the following exclusions which apply to this case to remove the claims of Laurencias from coverage of the Policy:

### B. EXCLUSIONS

This insurance does not apply to any of the following:

. . .

3. WORKERS COMPENSATION

Any obligation for which the insured or the insured's insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. EMPLOYEE INDEMNIFICATION AND EMPLOYERS LIABILITY

Bodily injury to:

    a.    An employee of the insured arising out of and in the course of employment by the insured; or

    b.    the spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

    (1)    whether the insured may be liable as an employer or in any other capacity; and

    (2)    to any obligation to share damages with or repay someone else who must pay damages because of the injury (*See* copy of Policy attached as exhibit "B").

## CURRENT STATUS

16.    When the underlying Lawsuit was filed against WAGNER'S CARNIVAL and the other Defendants, WAGNER'S CARNIVAL and the other Defendant's requested a defense from T.H.E. T.H.E. provided a defense, subject to a reservation of rights, and now seeks a declaration from this court that no coverage exists under the Policy in question. T.H.E. seeks such a declaration pursuant to Section 37.001 et seq. of the Texas Civil Practice & Remedies Code as well as pursuant to 28 U.S.C. Section 2201 et seq. Furthermore, pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, T.H.E. seeks to recover reasonable attorney's fees made necessary as a consequence of the prosecution of this declaratory judgment action against WAGNER'S CARNIVAL.

## PRAYER

17.    After consideration of this matter, either through trial or by dispositive motion, T.H.E. INUSRANCE COMPANY prays that the court order and declare the following:

    a.    That no coverage exists under either the general liability coverage form, CG00010196 or under the business auto coverage form, TE0001(392) of that

   particular insurance policy number 0099MT2381 issued by T.H.E. INSURANCE COMPANY to ALBERT WAGNER, D/B/A WAGNER'S CARNIVAL as the named insured with a policy period from 4/2/99 to 4/2/00 for an incident and claim which forms the basis of a lawsuit, and for that particular lawsuit styled *Keith John Laurencias vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

b. that T.H.E. INSURANCE COMPANY has no duty to provide a defense to WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER, INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, DENISE HALEY WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, or JASON WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL for claim which form the basis of, or for that particular lawsuit styled *Keith John Laurencias vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

c. That T.H.E. INSURANCE COMPANY has no duty or obligation to indemnify WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, DENISE HALEY WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, or JASON WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL for an incident and claim made by Keith John Laurencias which forms the basis of a lawsuit, and for that particular lawsuit styled *Keith John Laurencias vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley*

*Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

d. That T.H.E. INSURANCE COMPANY is entitled to recover reasonable and necessary attorneys fee's incurred in the prosecution of this declaratory judgment action; and

e. That T.H.E. INSURANCE COMPANY is entitled to recover any other relief, general or special, at law or in equity, to which it may show itself entitled.

Respectfully submitted,

BURCK, LAPIDUS & LANZA, P.C.

By: _____
GEORGE T. JACKSON
TBA # 10466950
    ATTORNEY IN CHARGE
H. MARK BURCK
TBA # 03362700
5177 Richmond, Suite 850
Houston, Texas 77056
(713) 400-6000
(713) 622-8054 (Fax)

ATTORNEY FOR PLAINTIFF,
T.H.E. INSURANCE COMPANY

G:\07250\5148\Original.Complaint.12.15.99.wpd

# EXHIBITS NOT IMAGED

ClibPDF - www.fastio.com