IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 17 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | NO. C-00-023 |
| WAGNER'S CARNIVAL, ALBERT WAYNE | § | |
| WAGNER, DENISE HALEY WAGNER, | § | |
| INDIVIDUALLY AND D/B/A WAGNER'S | § | |
| CARNIVAL AND JASON WAGNER, | § | |
| DEFENDANTS | § | |

## ORIGINAL ANSWER AND COUNTERCLAIM OF WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER, DENISE HALEY WAGNER, INDIVIDUALLY AND D/B/A WAGNER'S CARNIVAL AND JASON WAGNER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, individually and d/b/a Wagner's Carnival and Jason Wagner, files this their Answer to Plaintiff's Original Complaint and Counterclaim as follows:

## ADMISSIONS AND DENIALS

Defendants respond to the Complaint as follows:

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 1 of Plaintiff's Original Complaint.

2.     Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

3.     Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4.

CM/PDF - www.fastio.com

4.      Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Original Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Original Complaint.

7.      The statement complained in Paragraph 7 constitutes a legal conclusion as to whether or not Keith John Laurencias was an employee of Wagner's Carnival and, therefore, does not require an admittance for denial; however, to the extent the statements require such a response, Defendants deny that Keith John Laurencias was an employee of Wagner's Carnival.  Defendants admit that Keith John Laurencias was in the process of unloading a ticket booth off a truck, but denies that the truck was owned by Jason Wagner.  Defendant admits that Keith John Laurencias allegedly sustained injuries when the ticket booth fell on Laurencias.

8.      Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 9 because Exhibit "A" was not attached to the Original Complaint.  Attached hereto as Exhibit "A" and made a part hereof for all purposes is a copy of Plaintiff's Second Amended Original Petition.  In said petition, Defendants admit that Laurencias claims he has incurred medical expenses in excess of $80,000.00 and that the Defendants were negligent and carelessly and recklessly disregarded their duties owed to Laurencias.  Defendants further admit in said Second Amended Original Petition that Laurencias alleges that Defendants violated V.T.C.A. Labor Code §411.103.

10. Defendants admit that T.H.E. provided business coverage and commercial general liability insurance coverage to Albert Wagner d/b/a Wagner's Carnival. However, a copy of the insurance policy was not attached to the Original Complaint. The statement in Paragraph 10 that the insurance policy issued by T.H.E. provided certain coverages to Wagner's Carnival constitutes legal conclusions, and therefore, does not require an admittance or denial.

11. The statements contained in Paragraph 11 constitutes a legal conclusion and, therefore, does not require an admittance or denial; however, to the extent the statements require such a response, Defendants are unable to respond to same in that the insurance policy was not attached to the Original Complaint.

12. The statements contained in Paragraph 12 constitutes a legal conclusion and, therefore, does not require an admittance or denial; however, to the extent the statements require such a response, Defendants are unable to respond to same in that the insurance policy was not attached to the Original Complaint.

13. The statements contained in Paragraph 13 constitutes a legal conclusion and, therefore, does not require an admittance or denial; however, to the extent the statements require such a response, Defendants are unable to respond to same in that the insurance policy was not attached to the Original Complaint.

14. The statements contained in Paragraph 14 constitutes a legal conclusion and, therefore, does not require an admittance or denial; however, to the extent the statements require such a response, Defendants are unable to respond to same in that the insurance policy was not attached to the Original Complaint.

15. The statements contained in Paragraph 15 constitutes a legal conclusion and, therefore, does not require an admittance or denial; however, to the extent the statements require

such a response, Defendants are unable to respond to same in that the insurance policy was not attached to the Original Complaint.

16.     Defendants admit that they requested a defense from T.H.E. which provided a defense subject to a reservation of rights. The remaining statements contained in Paragraph 16 constitute a prayer for relief, and, therefore, do not require an admittance or a denial. However, to the extent the statements require such a response, Defendants admit same.

17.     The statements contained in Paragraph 17 constitute a prayer for relief, and, therefore do not require an admittance or denial; however, to the extent the statements require such a response, Defendants deny the statements in Paragraph 17 (a) through (e).

## COUNTERCLAIM

Comes now  Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, individually and d/b/a Wagner's Carnival and Jason Wagner, Defendants and hereinafter called Counter-Plaintiffs, and files this their Counterclaim against T.H.E. Insurance Company, and in support thereof would show unto the Court as follows:

18.     Pursuant to the provisions of §37.001, et seq. and §37.009, Texas Civil Practice and Remedies Code as well as pursuant to 28 U.S.C. § 2201 et seq., Defendants seek to recover reasonable attorney's fees made necessary as a consequence of having to defend this declaratory judgment action filed against it by T.H.E. Insurance Company.

## PRAYER

WHEREFORE, Defendants Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, individually and d/b/a Wagner's Carnival and Jason Wagner, pray that upon trial or by dispositive motion, that:

a.     The Court deny all legal and equitable relief requested in this case;

b.     That Plaintiff take nothing against Defendants or any of them by way of this action

and that the Court grant judgment in favor of Defendants that coverage exist under either the general

liability policy or under the Business Auto Coverage policy issued by T.H.E. Insurance Company;

c.     That T.H.E. Insurance Company has a duty to defend Defendants for the claim which

forms the basis of the lawsuit styled *Keith John Laurencis vs. Wagner's Carnival, et al*, in the 258th

Judicial District Court of Polk County, Texas;

d.     That T.H.E. Insurance Company has a duty and obligation to indemnify Defendants

for an incident and claim made by Keith John Laurencis which forms the basis of the lawsuit styled

*Keith John Laurencis vs. Wagner's Carnival, et al*, in the 258th Judicial District Court of Polk

County, Texas;

e.     That Defendants are entitled to recover reasonable and necessary attorney's fees

incurred in the defense of this declaratory judgment action;

f.     That Defendants are entitled to recover any other relief, general or special, at law or

in equity, to which they may show themselves justly entitled.

Respectfully submitted,

FRITZ BYRNE & HEAD, L.L.P.
Attorneys at Law
500 North Shoreline, Suite 800
Corpus Christi, Texas 78471
Telephone: 361/883-1500
Telecopier: 361/888-9149


BY: _____
     C. M. HENKEL III
     State Bar No. 09463000
     Federal ID No. 4400

# CERTIFICATE OF SERVICE

I, C. M. Henkel III, attorney for Defendants, certify that a true and correct copy of the foregoing document was served on George T. Jackson, Burck, Lapidus & Lanza, P.C., 5177 Richmond, Suite 850, Houston, Texas 77056, attorney of record for Plaintiff, by certified mail, return receipt requested, on this the 16th day of February, 2000.

C. M. HENKEL III

A

CVISPDF – www.fastio.com

Case 2:00-cv-00023   Document 4   Filed in TXSD on 02/17/2000   Page 8 of 14

## NO. CIV-18079

| | | |
|---|---|---|
| KEITH JOHN LAURENCIS, PLAINTIFF | ' | IN THE DISTRICT COURT |
| vs. | ' | 258th JUDICIAL DISTRICT |
| WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER, DENISE HALEY WAGNER AND JASON WAGNER, DEFENDANTS | ' | OF  POLK COUNTY, TEXAS |

### PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

#### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Keith John Laurencis, hereinafter called Plaintiff, complaining of and about Wagner's Carnival,  Albert Wayne Wagner, Individually and dba as Wagner's Carnival, Denise Haley Wagner Individually and dba Wagner's Carnival  and Jason Wagner, Individually, hereinafter called Defendants; and for cause of action would show unto the Court and jury the following:

### DISCOVERY CONTROL PLAN LEVEL
### I.

Plaintiff intends that discovery be conducted under Level 2 of the Discovery Control Plan, rule 190.3 of the TRCP.

### JURISDICTION AND VENUE
### II.

This court has jurisdiction and venue is proper in Polk County, Texas because this cause of action accrued in Polk County, Texas.

### PARTIES AND SERVICE
### III.

1       Plaintiff, Keith John Laurencis brings this action individually.  Plaintiff resides at 39 Begonia in Covington, Louisiana 70433

Case 2:00-cv-00023  Document 4  Filed in TXSD on 02/17/2000  Page 9 of 14

2.      Defendant, Wagner's Carnival is a business authorized to do business in the State of Texas and may be served by certified mail by serving Wagner's Carnival, Albert Wayne Wagner, P. O. Box 917, Aransas Pass, Texas 78336. This Defendant has filed an answer herein.

3.      Defendant, Albert Wayne Wagner, Individually and dba Wagner's Carnival is an individual residing in Aransas County, Texas, and may be served with citation at 1240 N. McCampbell, Aransas Pass, Texas 78336. This Defendant has filed an Answer herein.

4.      Defendant, Denise Haley Wagner, Individually and dba Wagner's Carnival is an individual residing in Aransas County, Texas, and may be served with citation at 1240 N. McCampbell, Aransas Pass, Texas 78336. This Defendant has filed an Answer herein.

5.      Defendant, Jason Wagner, is an individual residing in Texas and may be served by serving him at his residence at 1240 N. McCampbell, Aransas Pass, Texas 78336.

## FACTS
### IV.

Upon information and belief on or about June 2, 1999, at a location in Polk County, Texas, Keith John Laurencis, was instructed by Jason Wagner and others to assist with unloading a heavy plexiglass and metal ticket booth off of a truck believed to be owned by Jason Wagner. The incident, which was proximately caused by Defendants' negligence or the negligence of agents of Defendants, occurred as follows: suddenly, violently, and without warning, the ticket booth fell on Keith John Laurencis, crushing his body. Defendants, individually and through their agents and/or employees, knew or in the exercise of reasonable care should have known of the extremely dangerous nature of the task and were in a position to know that Plaintiff could not safely unload the heavy ticket booth without careful instruction, adequate assistance and proper safety equipment. The resulting incident caused Keith John Laurencis to suffer substantial physical and permanent injuries. Plaintiff has already incurred in excess of $80,000.00 in medical expenses.

## V.

Each of the allegations of liability herein are made as alternative allegations and no allegation

is made nor intended to be exclusive of the other liability allegations.

## NEGLIGENCE OF DEFENDANTS
## VI.

The incident and Keith John Laurencis's injuries suffered by reason thereof were proximately

caused by Defendants' negligent, careless and reckless disregard of duty which consisted of, but is

not limited to the following acts and omissions:

1.  Defendants violated V.T.C.A., Labor Code § 411.103, requiring Defendant to provide Plaintiff a reasonably safe place of employment and to use such devises and safeguards which are reasonably necessary to protect the life, health and safety of Plaintiff and other employees. **Said acts constitutes negligence per se and therefore Plaintiff is entitled to exemplary damages.**

2.  In that Defendants failed to properly and adequately warn train, and, instruct Plaintiff about the dangers of unloading the heavy ticket booth; and

3.  In that Defendants failed to properly and adequately warn train, and, instruct Plaintiff regarding the proper and safe way of unloading the heavy ticket booth; and

4.  In that Defendants failed to in failing to provide adequate assistance and supervision to Plaintiff regarding unloading the heavy ticket booth;

5.  In that Defendants failed to adequately provide Plaintiff with adequate safety equipment; and

6.  Regardless of Plaintiff's status of employee, temporary employee, independent contractor, day worker, or invitee, the Defendants owed Plaintiff a duty to not negligently harm him by placing him in an inherently dangerous situation.

Each of the aforementioned negligent acts or omissions of the Defendants, constitutes a

proximate cause of the incident made the basis of this suit and of the resulting damages and injuries

to Plaintiff.

Case 2:00-cv-00023   Document 4   Filed in TXSD on 02/17/2000   Page 11 of 14

## ALTERNATIVE NEGLIGENCE OF DEFENDANTS
## VII.

Plaintiff asserts that if in fact at the time of the incident he was either a temporary worker

for one of the defendants, but not the others, an independent contractor of one of the Defendants,

but not the others, or none of the aforementioned but merely a volunteer, seasonal worker or even

a prospective customer and/or legal stranger that the Defendants themselves and/or their agents

nevertheless owed him a duty not to harm him and that they did so carelessly, recklessly and in total

disregard for his safety and such negligence was the proximate cause of his damages as alleged herein.

## ACTUAL DAMAGES OF PLAINTIFF
## VIII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff,

Keith John Laurencis was caused to suffer serious bodily injuries including but not limited to fractures

involving the right iliac wing and the left superior and inferior public rami, diastasis of right sacroiliac

joint and pubic symphysis, permanent scarring and other debilitating injuries which have required

multiple surgeries and hospitalization.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff,

Keith John Laurencis has incurred the following damages:

1.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff
      for the necessary care and treatment of the injuries resulting from the accident complained of
      herein and such charges are reasonable and were usual and customary charges for such
      services in Polk County, Texas;

2.    Reasonable and necessary medical care and expenses which will in all reasonable probability
      be incurred in the future;

3.    Physical pain and suffering in the past;

4.    Mental anguish in the past;

Case 2:00-cv-00023  Document 4  Filed in TXSD on 02/17/2000  Page 12 of 14

5.  Physical pain and suffering in the future;

6.  Mental anguish in the future;

7.  Physical impairment in the past;

8.  Physical impairment which, in all reasonable probability, will be suffered in the future;

9.  Loss of earnings in the past;

10. Loss of earning capacity which will, in all probability, be incurred in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## MALICE
### IX.

Defendants' specific intent to cause substantial injury to the Plaintiff, or act or omission, which when viewed objectively from the standpoint of the Defendants at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff. Defendants knew that Plaintiff had been injured before and was ill trained for the tasks he was requested to perform.  Plaintiff seeks exemplary damages from each of the Defendants.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Keith John Laurencis respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants Wagner's Carnival, Albert Wayne

Case 2:00-cv-00023   Document 4   Filed in TXSD on 02/17/2000   Page 13 of 14

Wagner, individually and dba Wagner's Carnival, Denise Haley Wagner, Individually and dba

Wagner's Carnival and Jason Wagner, Individually, and all jointly and severally, for damages in an

amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as

allowed by Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem. Code; together with pre-judgment interest

(from the date of injury through the date of judgment) at the maximum rate allowed by law; post-

judgment interest at the legal rate, costs of court; and such other and further relief to which the

Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Roland B. Darby
State Bar No. 05378000
1160 Dairy Ashford, Suite 140
Houston, Texas 77079
281-558-1300
281-558-4813 - fax
LEAD COUNSEL FOR PLAINTIFF
KEITH JOHN LAURENCIS

Mark J. Oehl
State Bar No. 00798403
3110 Greenbriar, Suite 15
Houston, Texas 77098
713-523-3604
713-520-8821 - fax
ATTORNEY FOR PLAINTIFF
KEITH JOHN LAURENCIS

Case 2:00-cv-00023   Document 4   Filed in TXSD on 02/17/2000   Page 14 of 14

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served in accordance with the Texas Rules of Civil

Procedure on February ⁻⁷ıᵲ, 2000 on the following:

Mr. Aaron Pool
Matthiesen, Chase & Erwin, L.L.P.
3003 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046

Roland B. Darby