```
                 IN THE UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
                        CORPUS CHRISTI DIVISION
```

United States District Court
Southern District of Texas
FILED

FEB 22 2000

MICHAEL N. MILBY CLERK

| | |
|---|---|
| T.H.E. INSURANCE COMPANY, § | |
|     PLAINTIFF § | |
| § | |
| VS. § | NO. C-00-023 |
| § | |
| § | |
| WAGNER'S CARNIVAL, § | |
| ALBERT WAYNE WAGNER, § | |
| DENISE HALEY WAGNER § | |
| INDIVIDUALLY AND D/B/A WAGNER'S § | JURY TRIAL DEMANDED |
| CARNIVAL AND JASON WAGNER, § | |
|     DEFENDANTS § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**RESPONSE:** The initial meeting of the parties took place on February 14, 2000, and concluded on February 15, 2000. George T. Jackson appeared on behalf of T.H.E. Insurance Company, and Skip Henkel appeared on behalf of the Defendants.

2.     List the cases related to this one that are pending in any state or federal court with the case number and court.

**RESPONSE:** Cause No. 018079; Laurencias vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner; In the 258th District Court of Polk County, Texas.

3.     Briefly describe what this case is about.

**RESPONSE:** This case involves an insurance coverage dispute centering on the interpretation of the employee exclusion and other exclusions contained in the policy issued by T.H.E. to Wagner's Carnival.

4.   Specify the allegation of federal jurisdiction.

**RESPONSE: Diversity: 28 U.S.C. Section 1332**

5.   Name the parties who disagree and the reasons.

**RESPONSE: None.**

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE: None at this time.**

7.   List anticipated interventions.

**RESPONSE: None at this time.**

8.   Describe class-action issues.

**RESPONSE: None.**

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE: The parties have not made the initial disclosures required by Rule 26(a). The parties will make the disclosures required by Rule 26(a) within thirty days of the initial pre-trial and scheduling conference.**

10.  Describe the proposed agreed discovery plan, including:

   a.   Responses to all the matters raised in Rule 26(f)

   **Response:**

   1.   **Changes in timing, form, or requirement of disclosures under subdivision(a).**

   None. Disclosures under subdivision (a)(1) will be made within thirty days of the date of the initial pre-trial conference.

   2.   **Subjects on which discovery may be needed, when discovery should be completed, whether discovery should be conducted in phases or limited to or focused upon   particular issues.**

The parties anticipate that discovery may be needed on the status of Keith John Laurencis, depending on whether the Plaintiff in the underlying lawsuit amends his petition. Paperwork, including personnel records pertaining to Laurencis, will also be a subject on which discovery may be needed. Furthermore, the possible employers of Laurencis may also need to be deposed. Discovery does not need to be conducted in phases, and discovery should be complete by 9/29/00.

3. **Changes made in limitations on discovery**

Barring unforseen circumstances, limitations on discovery imposed on these rules of our local rule will probably not need to be disturbed.

4. **Any other orders under subdivision (c) or under Rule 16(b) or (c).**

None anticipated at this time.

b. When and to whom the plaintiff anticipates it may send interrogatories.

**Response:** **The Plaintiff anticipates sending interrogatories to all defendants before the discovery deadline in the court's scheduling order: 9/29/00.**

c. When and to whom the defendant anticipates it may send interrogatories.

**Response:** **The Defendant anticipates sending interrogatories to the plaintiff before the discovery deadline in the court's scheduling order: 9/29/00.**

d. Of whom and by when the plaintiff anticipates taking oral depositions

**Response:** **Oral depositions Albert Wayne Wagner, Denise Haley Wagner, Jason Wagner and Keith John Laurencis. Plaintiff anticipates taking oral depositions of these individuals before the discovery deadline in the court's scheduling order: 9/29/00**

e. Of whom and by when the defendant anticipates taking oral depositions.

**Response:** **None known at this time. Before the discovery deadline of 9/29/00.**

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

  **Response:** **Plaintiff anticipates designating experts no later than August 18, 2000 and provide reports required by Rule 26. Opposing party anticipates designating responsive experts no later than September 9, 2000.**

 g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completing date. See Rule 26(a)(2)(B) (expert report).

  **Response:** **Plaintiff does not anticipate taking any expert depositions at this time.**

 h. List expert depositions the opposing party anticipates taking and their anticipated completing date. See Rule 26(a)(2)(B) (expert report).

  **Response:** **None anticipated at this time.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE: The parties are agreed on the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE: None.**

13. State the date the planned discovery can be reasonably completed.

**RESPONSE: September 29, 2000**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in you Rule 26(f) meeting.

**RESPONSE: The parties discussed settlement options. However, until discovery in this case has proceeded further, a prompt resolution of this matter does not appear viable at this time**

15. Describe what each party has done or agreed to do to bring about a prompt solution.

**RESPONSE: The parties discussed settlement options. However, until discovery in this case has proceeded further, a prompt resolution of this matter does not appear viable at this time**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**RESPONSE: Because this matter involves a coverage dispute, it is unlikely that alternative dispute resolution techniques will result in a resolution of this case. The parties discussed settlement options. However, until discovery in this case has proceeded further, a prompt resolution of this matter does not appear viable at this time**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE: The parties respectfully decline to have this matter tried before a magistrate judge at this time.**

18. State whether a jury demand has been made and if it was made on time.

**RESPONSE: A jury demand was timely made.**

19. Specify the number of hours it will take to present evidence in this case.

**RESPONSE: The parties anticipate that all evidence in this case could be presented within a total of 24 hours.**

20. List pending motions that could be ruled on at the initial pre-trial and scheduling conference.

**RESPONSE: None**

21. List other motions pending

**RESPONSE: None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

**RESPONSE: None.**

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**RESPONSE:** The parties have filed disclosure of interested parties. Plaintiff has filed the disclosure of interested parties. The disclosure of interested parties was filed on February 2, 2000.

24.  List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

   **Counsel for Plaintiff:**

   George T. Jackson
   Burck, Lapidus & Lanza, P.C.
   5177 Richmond, Suite 850
   Houston, Texas 77056
   (713) 400-6000
   TBN: 10466950

   **Counsel for Defendants, Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner:**

   Skip Henkel
   Fritz, Byrne & Head
   500 N. Shoreline Road, Suite 800
   Corpus Christi, Texas 78471
   (361) 883-1500
   TBN: 09463000

_____     2/17/00
COUNSEL FOR PLAINTIFF                DATE


_____     _____
COUNSEL FOR DEFENDANTS               DATE

RESPONSE: The parties have filed disclosure of interested parties. Plaintiff has filed the disclosure of interested parties. The disclosure of interested parties was filed on February 2, 2000.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

RESPONSE:

Counsel for Plaintiff:

George T. Jackson
Burck, Lapidus & Lanza, P.C.
5177 Richmond, Suite 850
Houston, Texas 77056
(713) 400-6000
TBN: 10466950

Counsel for Defendants, Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner:

Skip Henkel
Fritz, Byrne & Head
500 N. Shoreline Road, Suite 800
Corpus Christi, Texas 78471
(361) 883-1500
TBN: 09463000

_____           _____
COUNSEL FOR PLAINTIFF                 DATE

_____           2-16-00
COUNSEL FOR DEFENDANTS                DATE