United States District Court
Southern District of Texas
FILED

**JUN 3 0 2000**

Michael N. Milby, Clerk


## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY, § | | |
| PLAINTIFF § | | |
| § | | |
| VS. § | CASE NO. C-00-023 | |
| § | | |
| § | | |
| WAGNER'S CARNIVAL, § | | |
| ALBERT WAYNE WAGNER, § | | |
| DENISE HALEY WAGNER § | | |
| INDIVIDUALLY AND D/B/A § | | |
| WAGNER'S CARNIVAL AND JASON § | JURY TRIAL DEMANDED | |
| WAGNER, § | | |
| DEFENDANTS § | | |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE COURT:

T.H.E. INSURANCE COMPANY ("T.H.E."), Plaintiff, files this second amended complaint for original declaratory relief. In support of its Complaint, T.H.E. would show the Court as follows:

### PARTIES AND SERVICE

1.     T.H.E. is an insurance company incorporated under the laws of the State of Louisiana with its headquarters and principal place of business in Florida.

2.     Defendant, WAGNER'S CARNIVAL, is a business organized and authorized to do business in the State of Texas, and is served through service of a copy of this pleading on counsel of record for WAGNER'S CARNIVAL, Mr. Skip Henkel, Fritz, Byrne & Head, 500 N. Shoreline Road, Suite 800, Corpus Christi, Texas 78471.

3.      Defendant, ALBERT WAYNE WAGNER, INDIVIDUALLY AND D/B/A WAGNER'S

CARNIVAL, is a Texas resident and citizen of the State of Texas currently residing in Aransas

County, Texas.  Mr. Wagner may be served through service of a copy of this pleading on counsel

of record for ALBERT WAYNE WAGNER, Mr. Skip Henkel, Fritz, Byrne & Head, 500 N.

Shoreline Road, Suite 800, Corpus Christi, Texas 78471.

4.      Defendant, DENISE HALEY WAGNER, INDIVIDUALLY AND D/B/A WAGNER'S

CARNIVAL, is a Texas resident and citizen of the State of Texas currently residing in Aransas

County, Texas.  Denise Haley Wagner may be served through service of a copy of this pleading

on counsel of record for DENISE WAGNER, Mr. Skip Henkel, Fritz, Byrne & Head, 500 N.

Shoreline Road, Suite 800, Corpus Christi, Texas 78471.

5.      Defendant, JASON WAGNER, is an individual who is a Texas resident and citizen of the

State of Texas.  Jason Wagner may be served through service of a copy of this pleading on counsel

of record for JASON WAGNER, Mr. Skip Henkel, Fritz, Byrne & Head, 500 N. Shoreline Road,

Suite 800, Corpus Christi, Texas 78471.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332 because

complete diversity of citizenship exists between the Plaintiff and the Defendants, and because the

amount in controversy exceeds $75,000.00, exclusive of fees and costs.  Venue is proper in this

Court because the Defendants reside in Aransas County, Texas and Aransas County is in the

Southern District of Texas, Corpus Christi Division.

-2-

## BACKGROUND

7.     On or about June 2, 1999, an employee of ALBERT WAGNER d/b/a WAGNER'S

CARNIVAL and JASON WAGNER named Keith John Laurencis was in the process of unloading

a plexiglass and metal ticket booth off of a truck believed to be owned by ALBERT WAGNER.

At the time of the unloading of the ticket booth, Laurencis was acting at the direction of both

ALBERT WAGNER and JASON WAGNER, either collectively or pursuant to a joint enterprise

or joint venture, and thus Laurencis would be considered an employee of both ALBERT

WAGNER d/b/a WAGNER'S CARNIVAL and JASON WAGNER.  In the alternative, Laurencis

acted as a dual employee of both ALBERT WAGNER and JASON WAGNER, or as the employee

of JASON WAGNER and as the borrowed servant of ALBERT WAGNER at the time of the loss.

Furthermore, at the time of the loss, both ALBERT WAGNER d/b/a WAGNER'S CARNIVAL

and JASON WAGNER had the right and the ability to control the details of the work being

performed by Laurencis, and were exercising that right of control, either individually, or pursuant

to a joint enterprise or joint venture.  In addition, at the time of the unloading of the ticket booth,

both ALBERT WAGNER d/b/a WAGNER'S CARNIVAL and JASON WAGNER had the right

to control the details of the work being done by Laurencis, whether that right was being actively

utilized or not.  While in the process of unloading the ticket booth, Laurencis allegedly sustained

damage when the ticket booth fell on Laurencis.

8.     As a consequence of the accident, Laurencis filed a lawsuit in the 258th Judicial District

Court of Polk County, Texas under Cause No. 018079, *Keith John Laurencis vs. The Wagner's

Carnival, Albert Wayne Wagner, Denise Haley Wagner and Jason Wagner.*  ("The Underlying

Lawsuit").

-3-

9.     In the Underlying Lawsuit, Laurencis claims that he has already incurred in excess of

$80,000.00 in medical expenses.  (*See* copy of Third Amended Petition filed in the Underlying

Lawsuit, attached as Exhibit "A" to this Second Amended Original Complaint).  Laurencis further

claimed that the Defendants were negligent and carelessly and wrecklessly disregarded duties owed

to Laurencis.  In the Third Amended Petition, Laurencis alleges in the alternative that his

employment status at the time of the accident was that of an employee, a temporary employee, an

independent contractor, day worker, an invitee, a volunteer, a seasonal worker, a prospective

customer, and/or a legal stranger.

## INSURANCE POLICY

10.     T.H.E. provided business automobile coverage ("BAC"), commercial general liability

insurance ("CGL") coverage, and Commercial Inland Marine coverage to ALBERT WAGNER

D/B/A WAGNER'S CARNIVAL. The insurance policy issued by T.H.E. ("the Policy") provided

certain coverages to WAGNER'S CARNIVAL and possibly to the individually named Defendants,

subject to the terms, limitations and exclusions contained in the Policy and coverage forms and

parts.

### Commercial General Liability Portion of Policy

11.     More specifically, under the Commercial General Liability ("CGL") coverage portion of

the Policy, the insuring agreement states that:

> A.     We will pay those sums that the insured becomes
> legally obligated to pay as damages because of
> "bodily injury" or "property damage" *to which this
> insurance applies*....However, we will have no duty
> to defend the insured against any "suit" seeking
> damages for "bodily injuries" or "property damage"
> *to which this insurance does not apply*.

-4-

12.     The CGL portion of the Policy also contains numerous exclusions which apply to remove the claims made by Laurencis against WAGNER'S CARNIVAL and the other Defendants from coverage of the policy.

13.     Specifically, the Policy provides that:

**2.      Exclusions**

This insurance does not apply to:

. . .

**d.      Workers' Compensation and Similar Laws.**

Any obligation of the insured under a workers compensation, disability benefits, or unemployment compensation law or any similar law.

**e.      Employer's Liability**

"Bodily injury" to:

(1)     An "employee" of the insured arising out of and in the course of :

(a)     Employment by the insured; or

(b)     Performing duties related to the conduct of the insured's business; or

(2)     The spouse, child, parent, brother, or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1)     Whether the insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

. . .

-5-

### g. Aircraft, Auto or Watercraft

"Bodily injury" . . .arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by . . . any insured. Use includes operation and "loading and unloading".

14.     Thus, coverage specifically does not exist under the CGL portion of the policy as a consequence of loading or unloading operations of the "auto" in question, namely, the vehicle out of which the plexiglass ticket booth was being unloaded.

15.     The CGL Coverage Form defines "loading and unloading" as follows:

10.     "Loading or unloading" means the handling of property:

a.      After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b.      While it is in or on an aircraft, watercraft or "auto"; or

c.      While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

16.     Moreover, all items, such as carnival rides and concession booths must be scheduled in order for the CGL portion of the Policy to be applicable to cover claims for bodily injury associated with those items. Because the ticket booth in question was not scheduled on the CGL schedule, no coverage exist for any claims associated with injuries received in connection with the ticket booth.  In addition, the ticket booth was not scheduled under the Commercial Inland Marine coverage form, and thus, any claims arising out of the transportation of that ticket booth would not be covered under the Commercial Inland Marine coverage form either.

17.     Furthermore, problems also exist with respect to whether some, if any, of the individually named defendants are afforded coverage under the CGL portion of the Policy because the

-6-

defendants may not by considered "insureds" under the Policy.   On the declarations page to the

CGL portion of the Policy, ALBERT WAGNER d/b/a WAGNER'S CARNIVAL is listed as an

"individual."  The Policy reads, in pertinent part:

> The word "insured" means any persons or organization qualifying
> as such under WHO IS AN INSURED (Section II).
>
> . . .

18.     More specifically, under SECTION II. WHO IS AN INSURED, the CGL Coverage Form

reads:

## SECTION II - WHO IS AN INSURED:

1.      If you are designated in the Declarations as:

    a.      An individual, you and your spouse are insureds, but only with respect to
the conduct of a business of which you are the sole owner.

. . .

2.      Each of the following is also an insured:

    a.      Your "employees" other than either your "executive officers" (if you are an
organization other than a partnership, joint venture or limited liability
company) or your managers (if you are a limited liability company) but only
for acts within the scope of their employment, by you or while performing
duties related to the conduct of your business. However, none of these
"employees" is an insured for:

        (1) "Bodily injury" . . .

            (a)     To you, to your partners or members (if you are a
partnership or joint venture), to your members (if
you are a limited liability company), or to a co-
"employee" while that co-"employee" is either in
the course of his or her employment or performing
duties related to the conduct of your business;

-7-

(b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (1) (a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

19. As a consequence of the foregoing definitions, some or all of the individually named Defendants do not qualify as "insureds" under the CGL portion of the Policy, and thus, no coverage is afforded to these individuals under the CGL portion of the Policy because of the nature of the relationship with Laurencis.  More specifically, if JASON WAGNER was not an employee of ALBERT WAGNER d/b/a WAGNER'S CARNIVAL at the time of the accident, JASON WAGNER may not qualify as an "insured" under the foregoing definition.  If JASON WAGNER does not qualify as an insured, then the CGL portion of the policy does not provide coverage to JASON WAGNER.

20. Furthermore, because the Defendants provided inadequate notice which caused prejudice to T.H.E., no coverage exists under the CGL portion of the Policy.  The CGL portion of the Policy provides, in pertinent part, that:

### SECTION IV— COMMERCIAL GENERAL LIABILITY CONDITIONS

**2. Duties in the Event of Occurrence, Offense, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

-8-

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and locations of any injury or damage arising out of the "occurrence" or offense.

b.      If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim of the "suit" as soon as practicable.

21.     Because the Defendants did not provide notice of the claim or suit as soon as practicable, and because the failure of the Defendants to provide notice of the suit or claim as soon as practicable resulted in prejudice to T.H.E., no coverage exists under the CGL portion of the Policy.  Coverage may also not exist under the Policy under the CGL portion of the Policy because of the lack of notice whether T.H.E. suffered prejudice or not.  Thus, coverage under the CGL portion of the policy may be precluded because of the failure of the putative insureds to meet all conditions precedent to establishing coverage under the Policy.

### Business Auto Coverage Portion

22.     The Policy also provides coverage under the Business Auto Coverage ("BAC") portion of the Policy, subject to certain definitions, terms and exclusions.  More specifically, the BAC provided by the Policy states that:

### A. COVERAGE

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a ***covered auto***. . . .

-9-

However, we have no duty to defend suits for bodily injury or property damage *not covered by this Coverage Form*.

23. However, the coverage provided by the BAC portion of the Policy is not unlimited. Specifically, the BAC portion of the policy contains the following exclusions which apply to this case to remove the claims of Laurencis from coverage of the Policy:

**B.     EXCLUSIONS**

This insurance does not apply to any of the following:

. . .

**3.     WORKERS COMPENSATION**

Any obligation for which the insured or the insured's insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4.     EMPLOYEE INDEMNIFICATION AND EMPLOYERS LIABILITY**

Bodily injury to:

a.     An employee of the insured arising out of and in the course of employment by the insured; or

b.     the spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1)     whether the insured may be liable as an employer or in any other capacity; and

(2)     to any obligation to share damages with or repay someone else who must pay damages because of the injury.

**5.          FELLOW EMPLOYEE**

Bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment.

-10-

. . .

### 7.   HANDLING OF PROPERTY

**Bodily injury** or **property damage** resulting from the handling of property:

   a.   Before it is moved from the place where it is accepted by the insured for movement into or onto the covered auto; or

   b.   After it is moved from the covered auto to the place where it is finally delivered by the insured.

24.   There is also a question as to whether notice of his claim was provided to T.H.E. Insurance Company in a timely manner as required under the BAC Form.   More specifically, the Policy provides that:

### SECTION IV — BUSINESS AUTO CONDITIONS

### 2.   DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS

   a.   In the event of accident, claim, suit or loss, you must give us or, our authorized representative prompt notice of the accident or loss.   Include:

   (1)   How, when and where the accident or loss occurred;

   (2)   The insured's name and address; and

   (3)   To the extent possible, the names and addresses of any injured persons and witnesses.

If we show that Your failure to provide notice prejudices our defense, there is no liability coverage under the policy.

25.   Because the failure of Defendants to give prompt notice resulted in prejudice to T.H.E., no coverage exists under the BAC portion of the Policy because of the failure to meet all conditions precedent to establishing coverage.

-11-

**Commercial Inland Marine Coverage Part**

26.     Furthermore, the Commercial Inland Marine coverage part of the policy requires that in order for the Inland Marine coverage to apply to any item being transported, that particular item must be described and listed in the Policy.  In addition, the Commercial Inland Marine coverage part of the policy applies to loss of property and not to bodily injury.

**Punitive Damages Not Covered**

27.     In addition, claims have been made in the Underlying Lawsuit against the Defendants seeking to recover punitive or exemplary damages.   T.H.E. would show that punitive or exemplary damages are not available under the Policy because the imposition of such awards against insurance carriers is against the public policy of the State of Texas.  Because the imposition of punitive damage awards against insurance carriers is against the public policy of the State of Texas, the Policy issued by T.H.E. does not provide coverage for such awards.

28.     Moreover,  under the CGL Coverage form, the Policy provides that:

> **2.     EXCLUSIONS**
>
> This insurance does not apply to:
>
> **a.     Expected or Intended Injury**
>
> "Bodily injury" or "Property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

29.     Furthermore, the BAC Form provides, in pertinent part, that:

> **B.     EXCLUSIONS**
>
> This insurance does not apply to any of the following:

-12-

1.    **EXPECTED OR INTENDED INJURY**

   Bodily injury of property damage expected or intended from the standpoint of the insured.

30.    Because Laurencis alleged in the Underlying Lawsuit that the Defendants acted with malice in causing the damages, such malice may qualify as an intentional act, and thus remove the claims for exemplary or punitive damages from the coverage of the Policy because of the expected or intentional acts exclusions referenced above.

## CURRENT STATUS

31.    When the underlying Lawsuit was filed against WAGNER'S CARNIVAL and the other Defendants, WAGNER'S CARNIVAL and the other Defendants requested a defense from T.H.E. T.H.E. provided a defense, subject to a reservation of rights, and now seeks a declaration from this court that no coverage exists under the Policy in question.  T.H.E. seeks such a declaration pursuant to § 37.001 et  seq. of the Texas Civil Practice & Remedies Code as well as pursuant to 28 U.S.C.  §§ 2201 and 2202 et seq.  Furthermore, pursuant to § 37.009 of the Texas Civil Practice & Remedies Code, T.H.E. seeks to recover reasonable attorney's fees and costs made necessary as a consequence of the prosecution of this declaratory judgment action against WAGNER'S CARNIVAL, ALBERT WAGNER, DENISE WAGNER and JASON WAGNER.

## PRAYER

31.    After consideration of this matter, either through trial or by dispositive motion, T.H.E. INSURANCE COMPANY prays that the court order and declare the following:

   a.  That no coverage exists under either the general liability coverage form, CG00010196 or under the business auto coverage form, TE0001(392) or the inland marine form of that particular insurance policy number 0099MT2381 issued by T.H.E. INSURANCE COMPANY to ALBERT WAGNER, D/B/A WAGNER'S

-13-

CARNIVAL as the named insured with a policy period from 4/2/99 to 4/2/00 for an incident and claim which forms the basis of a lawsuit, and for that particular lawsuit styled *Keith John Laurencis vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

b.      That T.H.E. INSURANCE COMPANY has no duty to provide a defense to WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER, INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, DENISE HALEY WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, or JASON WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL for claims which form the basis of, or for that particular lawsuit styled *Keith John Laurencis vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

c.      That T.H.E. INSURANCE COMPANY has no duty or obligation to indemnify WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, DENISE HALEY WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL, or JASON WAGNER INDIVIDUALLY OR D/B/A WAGNER'S CARNIVAL for an incident and claim made by Keith John Laurencis which forms the basis of a lawsuit, and for that particular lawsuit styled *Keith John Laurencis vs. Wagner's Carnival, Albert Wayne Wagner, Denise Haley Wagner, and Jason Wagner;* Cause No. 018079; in the 258th Judicial District Court of Polk County, Texas;

d.      That T.H.E. INSURANCE COMPANY is entitled to recover reasonable and necessary attorneys fee's and costs incurred in the prosecution of this declaratory judgment action; and

e.      That T.H.E. INSURANCE COMPANY is entitled to recover any other relief, general or special, at law or in equity, to which it may show itself entitled.

-14-

Respectfully submitted,

BURCK, LAPIDUS & LANZA, P.C.

By: _____

GEORGE T. JACKSON
TBA # 10466950
    ATTORNEY IN CHARGE
H. MARK BURCK
TBA # 03362700
5177 Richmond, Suite 850
Houston, Texas  77056
(713) 400-6000
(713) 622-8054 (Fax)

ATTORNEY FOR PLAINTIFF,
T.H.E. INSURANCE COMPANY

## NO. CIV-18079

| | | |
|---|---|---|
| KEITH JOHN LAURENCIS, PLAINTIFF | ' | IN THE DISTRICT COURT |
| vs. | ' | 258th JUDICIAL DISTRICT |
| WAGNER'S CARNIVAL, ALBERT WAYNE WAGNER, AND JASON WAGNER, DEFENDANTS | ' | OF POLK COUNTY, TEXAS |

### PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Keith John Laurencis, hereinafter called Plaintiff, complaining of and about Wagner's Carnival, Albert Wayne Wagner, Individually and dba as Wagner's Carnival, and Jason Wagner, Individually, hereinafter called Defendants; and for cause of action would show unto the Court and jury the following:

### DISCOVERY CONTROL PLAN LEVEL
#### I.

Plaintiff intends that discovery be conducted under Level 2 of the Discovery Control Plan, rule 190.3 of the TRCP.

### JURISDICTION AND VENUE
#### II.

This court has jurisdiction and venue is proper in Polk County, Texas because this cause of action accrued in Polk County, Texas.

### PARTIES AND SERVICE
#### III.

1.      Plaintiff, Keith John Laurencis brings this action individually.  Plaintiff resides at 39 Begonia in Covington, Louisiana 70433



EXHIBIT
A

Plaintiff's Third Amended Original Peti...                                    1

Case 2:00-cv-00023  Document 26  Filed in TXSD on 06/30/2000  Page 17 of 22

2      Defendant, Wagner's Carnival is a business authorized to do business in the State of Texas and may be served by certified mail by serving Wagner's Carnival, Albert Wayne Wagner, P. O. Box 917, Aransas Pass, Texas 78336. This Defendant has filed an answer herein

3.      Defendant, Albert Wayne Wagner, Individually and dba Wagner's Carnival is an individual residing in Aransas  County, Texas, and may be served with  citation at 1240 N. McCampbell, Aransas Pass, Texas 78336. This Defendant has filed an Answer herein.

4.      Defendant, Jason Wagner, is an individual residing in Texas and may be served by serving him at his residence at 1240 N. McCampbell, Aransas Pass, Texas 78336.  This Defendant has filed an Answer herein.

**FACTS**

IV

Upon information and belief on or about June 2, 1999, at a location in Polk County, Texas,  Keith John Laurencis, was assisting others with unloading a heavy  plexiglass and metal ticket booth off of a truck.    The incident, which was proximately caused by Defendants' negligence or the negligence of  agents of Defendants, occurred as follows: suddenly, violently, and without warning, the ticket booth fell on Keith John Laurencis, crushing his body. Defendants, individually and through their agents and/or  employees, knew or in the exercise of reasonable care should have known of the extremely dangerous nature of the task and were in a position to know that Plaintiff could not safely unload the heavy ticket booth without careful instruction, adequate assistance and proper safety equipment. The resulting incident caused Keith John Laurencis to suffer substantial physical and permanent injuries. Plaintiff has already incurred in excess of $80,000.00 in medical expenses.

## V.

Each of the  allegations of liability herein are made as alternative allegations and no allegation is made nor intended to be exclusive of the other liability allegations.

## NEGLIGENCE OF DEFENDANTS
### VI.

The incident and Keith John Laurencis's injuries suffered by reason thereof were proximately caused by Defendants' negligent, careless and reckless disregard of duty which consisted of, but is not limited to the following acts and omissions:

1.   In that Defendants failed to properly and adequately  warn train, and, instruct Plaintiff about the dangers of unloading the heavy ticket booth; and

2.   In that Defendants failed to properly and adequately  warn train, and, instruct Plaintiff regarding the proper and safe way of unloading the heavy ticket booth; and

3.   In that Defendants failed to in failing to provide adequate assistance and supervision to Plaintiff regarding unloading the heavy ticket booth;

4.   In that Defendants failed to adequately provide Plaintiff with adequate safety equipment;

5.   Regardless of Plaintiff's status of employee, temporary worker, independent contractor, day worker, or invitee, the Defendants owed Plaintiff a duty to not negligently harm him by placing him in an inherently dangerous situation; and

6.   Defendants began unloading the booth while it was still on a truck which was parked on an incline too steep to safely begin unloading the booth

Each of the aforementioned negligent acts or omissions of the Defendants, constitutes a proximate cause of the incident made the basis of this suit and of the resulting damages and injuries to Plaintiff.

## ALTERNATIVE NEGLIGENCE OF DEFENDANTS
### VII.

Plaintiff asserts that if in fact at the time of the incident he was either a temporary worker for one of the defendants, but not the others, an independent contractor of one of the Defendants, but not the others, or none of the aforementioned but merely a volunteer, seasonal worker or even a prospective customer and/or legal stranger that the Defendants themselves and/or their agents nevertheless owed him a duty not to harm him and that they did so carelessly, recklessly and in total disregard for his safety and such negligence was the proximate cause of his damages as alleged herein.

## ACTUAL DAMAGES OF PLAINTIFF
### VIII.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Keith John Laurencis was caused to suffer serious bodily injuries including but not limited to fractures involving the right iliac wing and the left superior and inferior public rami, diastasis of right sacroiliac joint and pubic symphysis, permanent scarring and other debilitating injuries which have required multiple surgeries and hospitalization.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Keith John Laurencis has incurred the following damages.

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Polk County, Texas;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;
4. Mental anguish in the past;

5 Physical pain and suffering in the future;

6.    Mental anguish in the future;

7.    Physical impairment in the past;

8    Physical impairment which, in all reasonable probability, will be suffered in the future,

9.    Loss of earnings in the past;

10.   Loss of earning capacity which will, in all probability, be incurred in the future;

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**MALICE**

**IX.**

Defendants' specific intent to cause substantial injury to the Plaintiff, or act or omission, which when viewed objectively from the standpoint of the Defendants at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff. Defendants knew that Plaintiff had been injured before and was ill trained for the tasks he was requested to perform.  Plaintiff seeks exemplary damages from each of the Defendants.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Keith John Laurencis respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants Wagner's Carnival,

Albert Wayne Wagner, individually and dba Wagner's Carnival, and Jason Wagner, Individually,

and all jointly and severally, for damages in an amount within the jurisdictional limits of the

Court;  exemplary  damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41,

Tex.Civ.Prac.& Rem. Code; together with pre-judgment interest (from the date of injury through

the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal

rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law

or in equity.

Respectfully submitted,

Roland B. Darby
State Bar No. 05378000
1160 Dairy Ashford, Suite 140
Houston, Texas  77079
281-558-1300
281-558-4813 - fax
LEAD COUNSEL FOR PLAINTIFF
KEITH JOHN LAURENCIS

Mark J. Oehl
State Bar No. 00798403
3110 Greenbriar, Suite 15
Houston, Texas 77098
713-523-3604
713-520-8821 - fax
ATTORNEY FOR PLAINTIFF
KEITH JOHN LAURENCIS

# CERTIFICATE OF SERVICE

I certify that a true copy of the above was served in accordance with the Texas Rules of Civil Procedure on March _13_, 2000 on the following:

Mr. Aaron Pool
Matthiesen, Chase & Erwin, L.L.P.
3003 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046

Roland B. Darby